1

2

3

4

5

6 # UNITED STATES DISTRICT COURT

7 ### EASTERN DISTRICT OF CALIFORNIA

8

9

10

| | |
|---|---|
| RICKEY TRENT SMITH, | 1:14cv01419 DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | THIRTY-DAY DEADLINE |
| MERCED SHERIFF'S DEPT. et al., | |
| Defendants. | |

16

17        Plaintiff Rickey Trent Smith ("Plaintiff") is a former prisoner proceeding pro se and in

18 forma pauperis in this civil rights action.  Plaintiff filed this action on September 11, 2014.

19 Pursuant to Court order, he filed a First Amended Complaint on March 16, 2015.  He names

20 "Medical Program Manager" Amanda Gibson and the Merced County Sheriff's Department as

21 Defendants.[1]

22 **A.        LEGAL STANDARD**

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

25 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

26

27

28 ───────────────
[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 31, 2014, and November 3, 2014.

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.**    **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff was released from custody on April 12, 2015.  The events at issue occurred while Plaintiff was housed at the Merced County Detention Facility.

Plaintiff alleges that he was repeatedly denied medical care for his shoulder, which he injured while in custody.  To support his claim, Plaintiff lists a "series of documents" that he believes proves that the Medical Provider knew of his medical need, and deliberately and repeatedly denied medical care from April 16, 2014, through September 29, 2014.

Plaintiff describes each document, attached as exhibits, and the Court will summarize the contents.  On April 16, 2014, Plaintiff was given a chrono for a lower bunk due to a hip injury.  ECF No. 14, at 10.  However, he was placed in a top bunk and contends that climbing up caused his shoulder injury.

On June 17, 2014, Plaintiff submitted a health care grievance contending that officers injured his shoulder.  He received confirmation that the grievance was forwarded to the medical supervisor and sergeant for review and response.  Plaintiff also submitted numerous health care requests for x-rays from June 17, 2014, through July 4, 2014.  ECF No. 14, at 11.  Plaintiff contends that he was never "consulted with any of my request or grievances."  ECF No. 14, at 6.

Plaintiff notes on the grievance receipt confirmation that he received x-rays on July 6, 2014.  Plaintiff submitted a request for the results of the x-rays on July 13, 2014, and indicated that he would be filing an "injury claim."  ECF No. 14, ag 16.  A notation dated July 22, 2014, states, "medical's results were arthritis?"  ECF No. 14, at 11.

Plaintiff also cites an unrelated grievance to show that the response from Defendant Gibson is the same response he received for his shoulder grievance.  He believes that this shows that Defendant Gibson is using a generic response for all medical issues, which "further proves neglect."  ECF No. 14, at 6, 13-14.

Plaintiff's July 25, 2014, grievance informs the medical provider that he is "more or less convince [sic] that they have been playing [him] along."  ECF No. 14, at 7, 17.  The grievance indicates that Plaintiff went for x-rays on July 7, 2014, and that on July 22, 2014, he received a diagnosis of arthritis after his x-rays were reviewed.  Plaintiff requested to see his x-rays, but indicated that it wouldn't happen because "this whole routine has been a fiasco because no x-rays were ever taken."  Plaintiff also questions the method used by the tech.  ECF No. 14, at 17.

The remaining attachments are documents relating to his request for medical records from Merced County after his transfer to state prison, and/or his contention that Merced County denied him medical care.  In an October 2014 letter, Plaintiff indicates that once he arrived at North Kern State Prison, he was given an exam and scheduled for surgery.  ECF No. 14, at 19.

**C.**   **DISCUSSION**

1.   <u>Deliberate Indifference to a Serious Medical Need</u>

Plaintiff appears to have been a pretrial detainee at the time of the events at issue.  Although the rights of pretrial detainees are analyzed under the Due Process Clause rather than the Eighth Amendment, the same standards apply.  <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096).  Deliberate indifference

is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. <u>Snow</u>, 681 F.3d at 985 (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122.

The only named Defendant, Amanda Gibson, appears to have signed two replies to Plaintiff's inmate grievances. The replies instructed Plaintiff to submit a sick-call slip to the on-duty nurse at morning or evening pill line. Defendant Gibson further informed Plaintiff that an on-duty nurse could assess his specific concerns. ECF No. 14, at 13-14. Her response, however, is not evidence that she acted with deliberate indifference. To the contrary, Defendant Gibson instructed Plaintiff on how to proceed with getting the care he believed he needed. Similarly, the fact that she used the same generic response is not evidence of deliberate indifference. While Plaintiff may not have liked her response, it does not mean that she acted with the requisite state of mind.

Plaintiff also states that her responses are evidence of "neglect." However, an Eighth Amendment claim may not be premised on even gross negligence by a physician. <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff does not link any other Defendant with any acts that could support a finding of deliberate indifference. He alleges a denial of treatment, but does not sufficiently link any Defendant to the alleged denial. As explained above, Defendant Gibson did not deny treatment, but rather explained to Plaintiff how to *get* treatment. Moreover, although Plaintiff names the Merced County Sheriff's Department, he does not include any allegations involving the department.

To the extent that Plaintiff disagrees with the arthritis diagnosis or the treatment he did receive, his disagreement does not state a claim. "A difference of opinion between a physician

and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." <u>Snow</u>, 681 F.3d at 987 (citing <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Wilhelm</u>, 680 F.3d at 1122-23 (citing <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." <u>Snow</u>, 681 F.3d at 988 (citing <u>Jackson</u>, 90 F.3d at 332) (internal quotation marks omitted).  Plaintiff has not made such a showing.

Finally, the fact that Plaintiff was later scheduled for surgery does not allow him to question prior doctors' medical treatment.  As noted above, a disagreement with treatment does not rise to the level of an Eighth Amendment violation, and Plaintiff has not shown that the course of treatment was medically unacceptable under the circumstances.  While Plaintiff alleges that he was in pain, this, alone, does not demonstrate that the care was medically unacceptable.

For these reasons, Plaintiff fails to state a claim under the Eighth Amendment.

2.    <u>Merced County Sheriff's Department</u>

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Webb v. Sloan</u>, 330 F.3d 1158, 1163-64 (9th Cir. 2003); <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts the injury complained of.  <u>Monell</u>, 436 U.S. at 694; <u>Gibson</u>, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." <u>Galen v. County of Los Angeles</u>, 477 F.3d 652,

667 (9th Cir. 2007); <u>City of Canton, Ohio, v. Harris</u>, 489 U.S. 378, 385 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee.  <u>Gibson</u>, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." <u>Id</u>.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." <u>Id</u>.

Plaintiff includes no allegations that would support municipal liability.

**D.**   **CONCLUSION AND ORDER**

Plaintiff does not state any cognizable claims for relief.  Plaintiff was given notice of the deficiencies, but he has failed to correct the issues in his amended complaint.  While Plaintiff provided additional facts and supporting documents, he has not made sufficient allegations to support a claim for relief.  The Court will grant Plaintiff one **final opportunity** to amend.  **In amending, he must link a Defendant to an alleged denial of treatment**.  <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-13 (9th Cir. 2012); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, <u>Iqbal</u>, 556 U.S. at 676-77; <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's First Amended Complaint is dismissed with leave to amend;

2.    The Clerk's Office shall send Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, and

4.    <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **September 22, 2015**                    /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE

8